UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PAULITA MONTERO,

        Plaintiff,

  -against-

U.S. DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-5839 (SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 1 2006 ★

TOWNES, U.S.D.J.:

Plaintiff, appearing *pro se*, filed the instant action on December 5, 2005, alleging that defendant has wrongfully denied her application to become naturalized as a United States citizen on three occasions in the past ten years. Compl. ¶ 3. Plaintiff alleges that she has "psychiatric disability and therefore has been unable to learn English and consequently take her Naturalization exam." Id. ¶ 4. Plaintiff requests that this Court order defendant to grant her naturalization. Id. ¶ 5. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, plaintiff is directed to show cause within thirty (30) days why the complaint should not be dismissed for lack of subject matter jurisdiction.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is

based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal quotations omitted).

Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed. R. Civ. P. 12(h)(3). Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Judicial Review of Naturalization Applications

The Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1101 et seq., provides for an administrative naturalization process, vesting the Attorney General with "the sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). However, as described below, the INA contains provisions mandating judicial review in limited circumstances. Under

2

current naturalization procedure, an applicant first must submit application materials to the Department of Homeland Security's Bureau of Citizenship and Immigration Services ("BCIS"). 8 C.F.R. § 334.2. Next, the BCIS conducts an investigation into the applicant's background. 8 C.F.R. § 335.1. Once this background investigation has been completed, the BCIS notifies the applicant to appear before a BCIS officer for an examination. 8 C.F.R. § 335.2. At the examination, a BCIS officer interviews the applicant and administers a test on English literacy and basic knowledge of the history and government of the United States. Id. The officer is required to either grant or deny the application "at the time of the [] examination or within 120 days after the date of the [] examination." 8 C.F.R. § 335.3. Once an application is granted and the applicant is notified of her eligibility for citizenship, the applicant takes the oath of allegiance "in a public ceremony held within the United States." 8 C.F.R. § 337.1.

The INA specifies only two points in the naturalization process at which a district court may intervene. First, an unsuccessful applicant may seek de novo judicial review in a district court if the BCIS denies a naturalization application and that denial has been confirmed after an administrative appeal. INA § 301(c); 8 U.S.C. § 1421(c). Second, judicial review is available if the BCIS does not render a decision within 120 days of the submission of the applicant's naturalization application. INA § 336(b); 8 U.S.C. § 1447(b). Plaintiff's complaint is sparse; she does not specifically allege that the BCIS rendered a decision on her naturalization application, or that she complied with the provisions of the INA and pursued an administrative appeal of the denial of her naturalization application. Accordingly, the Court cannot determine whether it has jurisdiction over the instant action.

Conclusion

Nevertheless, plaintiff is afforded an opportunity to establish that this Court has jurisdiction over her complaint. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this order why the Court should not dismiss her complaint for lack of subject matter jurisdiction. In her affirmation, plaintiff must provide the date she applied for naturalization, and if the BCIS denied her application, she must demonstrate that she pursued an administrative appeal of the denial of her naturalization application and state the outcome of such appeal. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to show cause within the time allotted, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); see Li v. Immigration and Naturalization Serv., No. 00 Civ. 7868, 2003 WL 102813, at *5 (S.D.N.Y. Jan. 10, 2003) (complaint dismissed for lack of subject matter jurisdiction where administrative appeal of a denial of a naturalization application was still pending). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2006
Brooklyn, New York