UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PAULITA MONTERO,

        Plaintiff,

   -against-

U.S. DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-5839 (SLT)

TOWNES, U.S.D.J.:

    Plaintiff, appearing *pro se*, filed the instant action on December 5, 2005, requesting this Court's assistance in becoming a naturalized United States citizen. By order dated February 27, 2006, the Court directed plaintiff to show cause by written affirmation within thirty (30) days why the complaint should not be dismissed for lack of subject matter jurisdiction. *Montero v. U.S. Dep't of Homeland Sec.*, No. 05-CV-5839 (SLT), slip op. at 4 (E.D.N.Y. Feb. 27, 2006). In particular, the Court directed plaintiff to provide details about her naturalization application and information on whether she pursued an administrative appeal of the denial of her application, if indeed her application was denied. *Id.* On March 27, 2006, plaintiff submitted numerous documents related to her application for naturalization. The Court construes plaintiff's recent submissions collectively as her affirmation in response to the Court's prior order.

    Plaintiff submits a "Decision on Review of Denial of Naturalization Application" (the "decision") from the U.S. Department of Homeland Security ("DHS")[1] and dated January 18,

---

[1] Effective March 1, 2003, functions of, *inter alia*, the former Immigration and Naturalization Service were transferred to the DHS.



2005.[2] The decision states that a hearing was held on December 28, 2004 to review the decision to deny plaintiff's naturalization application and sets forth the reasons why the DHS is upholding the denial. In addition, the decision cites to Section 310(c) of the Immigration and Nationality Act ("INA"), reproducing it as follows:

> "A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under Subsection 336(a), may seek review of such denial before the United States district court for the district in which such person resides within a period of not more than 120 days after the [Immigration and Naturalization] Service's determination, in accordance with chapter 7 of title 5, United States Code, 8 C.F.R. 336.9. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

However, the decision does not accurately reflect the language of § 310(c), which does not contain a time restriction in which an individual must file a petition in a district court.[3] Rather, the decision conflates the language of § 310(c) with 8 C.F.R. § 336.9(b), which states, in relevant part: " ... an applicant shall file a petition for review in the United States District Court having jurisdiction over his or her place of residence ... within a period of not more than 120 days after the [Immigration and Naturalization] Service's determination." Thus, according to the language of 8 C.F.R. § 336.9(b), plaintiff's complaint is untimely, as it was filed on December 5, 2005, almost eleven months after defendant affirmed the denial of her naturalization application.

---

[2]On the copy of this decision that plaintiff has provided, the last digit of the year is illegible; however, as the decision refers to a December 28, 2004 hearing, it appears that the document is dated January 18, 2005.

[3]INA § 310(c) states: "A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under subsection 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

Nevertheless, one federal appellate court has ruled that 8 C.F.R. § 336.9(b) is void. In *Nagahi v. Immigration & Naturalization Serv.*, 219 F.3d 1166 (10th Cir. 2000), the United States Court of Appeals for the Tenth Circuit ruled that the district court improperly dismissed, as untimely filed, an alien's petition for judicial review of a decision of the Immigration and Naturalization Service ("INS") denying his application to become a naturalized citizen. The district court based its dismissal of the petition on 8 CFR § 336.9(b); however, the Tenth Circuit noted that INA § 310(c) contains no time period within which such a review must be sought. *Id.* at 1169. The Court could find no congressionally delegated authority for the INS's promulgation of 8 C.F.R. § 336.9(b). *Id.* at 1170. The INS, the Court ruled, could not establish a regulation limiting the time in which an applicant could seek judicial review of the INS's denial of a naturalization application because Congress did not delegate to the INS the authority to regulate the scope of such judicial power, notwithstanding the Attorney General's authorization to naturalize persons and to establish rules and regulations necessary for carrying out that authority. *Id.* at 1171. The Court concluded that in the absence of a specific statutory limitations period, a civil action against the United States under the Administrative Procedure Act is subject to a six-year limitations period, and, therefore, the resident's petition was timely filed. *Id.*

The courts in the Second Circuit have yet to rule on the validity of the time limitation of 8 C.F.R. § 336.9(b). As the timeliness issue raised by plaintiff's complaint is unsettled, the Court refrains from dismissing the complaint based on the language of 8 C.F.R. § 336.9(b). Accordingly, it is hereby

ORDERED that the Clerk of Court shall serve, by electronic transmission, a copy of this Order, the underlying complaint and plaintiff's affirmation on the attorney for defendant, the

Attorney General of the United States, and it is further

ORDERED that defendant shall file a limited answer to the complaint, addressing the timeliness of this complaint within thirty (30) days of the date of this Order with proof of service with the Clerk of Court. However, if defendant concedes that the complaint is timely, defendant shall file a complete and entire answer to the complaint within sixty (60) days of the date of this Order with proof of service with the Clerk of Court, and it is further

ORDERED that defendant shall deliver a courtesy copy of its answer to my chambers, and it is further

ORDERED that no reply is required; however, should plaintiff want to reply, the reply shall be served on defendant's counsel and filed with the Clerk of Court within thirty (30) days of receipt of the answer.

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2006
Brooklyn, New York

4