UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
PAULITA MONTERO,

        Plaintiff,

    -against-

U.S. DEPARTMENT OF
HOMELAND SECURITY,

        Defendant.
--------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM and ORDER**

05-CV-5839 (SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 21 2006 ★
P.M. ___
TIME A.M. ___

**TOWNES, United States District Judge:**

    In December 2005, plaintiff *pro se* commenced this action, alleging that defendant U.S. Department of Homeland Security ("DHS") and its predecessors have repeatedly denied her naturalization applications because she has a disability which prevents her from learning English and passing the examinations administered by defendant as part of the naturalization process. The only remedy plaintiff seeks in her complaint is "Naturalization."

    This Court lacks jurisdiction to naturalize a person "unless a petition for naturalization with respect to that person was filed with the naturalization court before October 1, 1991." 8 C.F.R. § 310.4; *see also* 8 U.S.C. § 1421(a) and 8 C.F.R. § 310.1(a) (conferring "[t]he sole authority to naturalize persons as citizens of the United States . . . upon the Attorney General"). In a memorandum and order dated February 27, 2006, this Court explained the limits of its jurisdiction, identifying the "two points in the naturalization process at which a district court may intervene" and directing plaintiff to supply further information concerning her case. *See Montero v. U.S. Dept. of Homeland Security*, No. 05-CV-5839 (SLT), slip op. at 3-4 (E.D.N.Y. Feb. 27, 2006). When, in response, plaintiff submitted papers indicating that her latest application for naturalization had been denied almost eleven months before she commenced this action, this

Court, *sua sponte*, raised the issue of whether plaintiff's complaint was timely. In a memorandum and order dated April 5, 2006, this Court directed defendant either to move to dismiss the action as untimely or to waive that issue and answer the complaint. *See Montero v. U.S. Dept. of Homeland Security*, No. 05-CV-5839 (SLT), slip op. at 4 (E.D.N.Y. Apr. 5, 2006).

By letter dated June 13, 2006, defendant informed this Court that it has elected to vacate its decision denying plaintiff's latest naturalization application and has re-opened her case. As noted in this Court's February 27, 2006, memorandum and order, this Court only has jurisdiction to review naturalization applications which have been denied or which have been pending for over 120 days. *See Montero v. U.S. Dept. of Homeland Security*, No. 05-CV-5839 (SLT), slip op. at 3 (E.D.N.Y. Feb. 27, 2006). Since plaintiff's naturalization application has now been re-opened, and since the re-opened application has not yet been pending for over 120 days, this Court lacks subject-matter jurisdiction over this action. Accordingly, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) (requiring that a court dismiss an action whenever it appears that the court lacks subject-matter jurisdiction).

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice to re-filing it if defendant again denies plaintiff's naturalization application or fails to act upon the re-opened application within 120 days.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
June /6, 2006